BOWLING, Justice,
dissenting:
I respectfully dissent from the decision overruling appellant’s request and would sustain it.
The request contained in the instrument filed by appellant is in the nature of a request for a writ of certiorari to the official court reporter of Humphreys County to forward for inclusion in the record the evidence and testimony presented by appellant at the hearing on his motion to suppress illegally seized evidence. The motion contended that the issuance of the search warrant and the seizure of certain evidence was unconstitutionally invalid. It is necessary to give a chronological account of the sequence of events.
Appellant was indicted on February 7, 1978, and arraigned on February 10, 1978, at which time he entered a plea of not guilty. On the same day, he filed his motion to suppress the evidence. The court term for Humphreys County had begun on the first Monday, which was February 6, 1978. There are only two terms of the circuit court each year in that county. A hearing was had on appellant’s motion on February 23, 1978, and was overruled by the lower court. The trial of appellant was had on March 1, 1978, the last day of that court term, the trial resulting in a jury verdict of guilty.
On April 6, 1978, appellant, through his attorney, gave notice of appeal to this Court and official notice to the court reporter to transcribe the “trial minutes.” This notice directed the court reporter to “transcribe all testimony, notice and minutes, taken by you at his trial held during said term.” (Emphasis supplied). The record in the cause was forwarded to the Clerk of this Court and filed on June 26, 1979, fifteen months after the trial was held, the record consisting of one relatively short volume. Omitted from the record was testimony presented at the February 28, 1978, hearing on appellant’s motion to suppress.
Appellant filed his assignment of error and brief thereon on September 21, 1979. The sole assignment of error and the sole argument for reversal in the brief was that “the court erred in overruling defendant’s motion to suppress illegally seized evidence and in allowing such evidence seized from defendant’s automobile to be introduced at the trial.”
Admittedly, appellant’s attorney should have discovered the error that evidence tak *DCXCV en on the motion to suppress was not included in the transcript. The extent of, or the making of, the alleged error, if any, in my humble opinion, is not the question that should be passed on by this Court in considering appellant’s motion.
Mississippi Code Annotated section 9-13-33 (1972 as amended), in stating what should be included in the record to this Court, sets out that the attorney making the request for the transcript from the court reporter “shall designate the portions of the record, proceedings, testimony and evidence to be contained in the record of appeal.” This statute further provides that the attorneys for all parties shall designate “that part that might be omitted altogether.”
As we heretofore have seen, the entire proceedings on this cause, including the indictment, hearing on the motion to suppress, and the trial were had at the February term of the Humphreys County Circuit Court. We heretofore have seen that appellant, in his designation to the court reporter, requested a transcription of “all testimony, etc., taken by you at his trial held during said term.” In addition to this, neither party designated any part of the transcribed evidence that “might be omitted altogether.”
I certainly am not passing on the guilt or innocence of appellant. With the events and the record in the cause as related above, I do not think that these events show a jurisdictional defect that prohibits the court reporter from transcribing her notes taken at the hearing on the motion and including them in the record in the cause before this Court, which cause has not even been set for hearing.
In my humble opinion, this Court as well as all other courts, is a court of justice and not of form. It is obvious that appellant’s attorney at least thought that the suppression evidence was included. Why else would the sole assignment of error have been based on that evidence?
Regardless of this, I am of the opinion that the notice was sufficient. The evidence on the motion to suppress was “taken” at “his trial held during the term.” As set out in the notice, an integral part of the overall trial at the same term of court was the evidence presented on February 23 on the motion to suppress. This was as much a part of the “trial” of appellant at that term of court after his indictment as the hearing by the jury of further evidence on the last day of the term.
I would sustain appellant’s motion and direct that the official court reporter transcribe her notes taken at the hearing on the motion to suppress and file them with the Clerk of this Court to be included in the record in the cause.